UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC R. WILSON, | ) | CASE NO.  1:12CV1554 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| | ) | |
| WARDEN, ROSS CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of *pro se* petitioner Eric R. Wilson for an extension of time and for the appointment of counsel. (Doc. No. 14.) On July 10, 2013, Magistrate Judge Greg White issued a Report and Recommendation (R&R), in which he recommended that the Court deny petitioner's application for habeas corpus relief. (Doc. No. 13.) The R&R specifically provided that any objections "must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy . . . Failure to file objections within the specified time may waive the right to appeal . . . ." (Doc. No. 13 at 1403.) Petitioner does not suggest that he did not receive a copy of the R&R, or that he was unaware of the deadline for filing objections.

Petitioner did not file timely objections to the R&R. Rather, on September 20, 2013, more than two months later, petitioner moved the Court to appoint counsel, and to afford appointed counsel time "to review all the documentation, confer with the [p]etitioner, and to proffer any Motions, Applications to the Court . . . ."

(Doc. No. 14-1 at 1406.) In the alternative, petitioner sought additional time, presumably to file *pro se* objections to the R&R.

In support of his motion, petitioner states that he has received limited access to the prison's law library, and that the inmate assisting him with his habeas petition was transferred to another facility. He also suggests that, since May 1, 2013, he has been detained in segregation, pending a non-disciplinary transfer. He complains that the process by which he can obtain legal documents in segregation is "severely time consuming." (*Id*. at 1407.)

The failure to timely file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Petitioner has failed to demonstrate excusable neglect for failing to file timely objections or a timely request for additional time in which to file objections.[1] While petitioner notes he has been temporarily placed in segregation, he concedes that he is still able to obtain legal documents in segregation. Likewise, while he complains that from "December of 2012 to late April of 2013" the prison law library hours were curtailed, he does not explain how this inconvenience prevented him from filing objections to an R&R that was not filed until July 2013. (Doc. No. 14-1 at 1406.)

---

[1] The Court observes that petitioner is quite capable of seeking extensions. On November 5, 2012, petitioner filed for and received a 60-day extension of the time in which to file a traverse. (Doc. No. 11.)

For all of these reasons, petitioner's motion for additional time in which to file objections is DENIED, and his motion for the appointment of counsel is DENIED as moot.[2] Moreover, this Court has reviewed the thorough R&R, and finds no reason to disagree with the Magistrate Judge's findings and conclusions that the asserted grounds for relief be denied and the petition dismissed.

Accordingly, the Court hereby ADOPTS the Magistrate Judge's R&R (Doc. No. 13), and the underlying petition for writ of habeas corpus is DENIED. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: December 30, 2013

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**

---

[2] Even if the Court was inclined to grant petitioner additional time to file objections, his motion for appointed counsel would be denied. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McClesky v. Zant*, 499 U.S. 467, 495, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1987)). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court, and is only required where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). In the present case, petitioner has filed a petition for a writ of habeas corpus, in which he raises twelve grounds for relief, including one claim that he was denied the right to represent himself at trial. Petitioner, therefore, has the means and ability to present his claims to this Court. Thus, the interests of justice would not require appointment of counsel.